### SAMUEL PUTNAM *vs.* SAMUEL B. CUSHING.

A mortgagee of chattels may maintain replevin for them after their attachment by trustee process against the mortgagor, without making the demand required by Rev. Sts. c. 90, §§ 78, 79.

A mortgage of leather, cut and prepared for the manufacture of shoes, covers shoes subsequently made from it by the mortgagor.

REPLEVIN of eleven cases of brogans. At the trial in the superior court of Suffolk at May term 1856, it appeared that George A. Putnam made to the plaintiff a mortgage of brogans, and of stock for the manufacture of brogans, which stock was then cut and prepared for the soles and the upper leather to be closed, and was afterwards made up into brogans by the mortgagor; that some of the brogans mortgaged, and of the brogans so made up from the mortgaged stock, were delivered by the mortgagor to the defendant for sale, and while in the defendant's possession were attached by trustee processes against the mortgagor, which were still pending.

The defendant objected to the maintenance of the action, that the plaintiff had not made a demand upon the attaching officer, as required by the Rev. Sts. c. 90, §§ 78, 79; and that the mortgage of stock did not cover brogans manufactured out of it at the expense of the mortgagor.

But *Huntington, J.* overruled both objections, the jury re-

turned a verdict for the plaintiff, and the defendant alleged exceptions.

*W. Brigham,* for the defendant.

*T. F. Nutter,* for the plaintiff.

DEWEY, J. 1. There was no such attachment of the mortgaged property in the present case as made it necessary for the mortgagee to make the demand required by Rev. Sts. *c.* 90, §§ 78, 79. The provisions of the statute apply to an attachment of goods by an actual seizure of the same. In such case, before the mortgagee can maintain an action to recover possession of the same, or damages therefor, he must make a statement of his claim to the attaching creditor or officer, and demand payment of the same. If not paid in the time required by law, " the property shall be restored to him." But in the present case, the attachment is by trustee process, leaving the property in the hands of a third person, and under a form of attachment setting forth that it cannot be seized by the officer in the usual way. It is said that if this be so, you cannot effectually attach mortgaged goods and chattels by the trustee process merely, but must go further and make an actual seizure of the same. This may be so, so far as the provisions of *c.* 90, §§ 79, 80, are to be called in aid of the attachment. In the case of goods and chattels, they would ordinarily be open to actual attachment, and all the benefits of the statute might be secured by making such actual seizure. However that may be, in the opinion of the court, a mere attachment by serving a trustee process upon the person who may be in possession of the same would not defeat the right of the mortgagee to reclaim the goods mortgaged to him, by a writ of replevin against such person, without making a statement of the amount of his lien, and making demand of payment therefor.

2. The only remaining exception now relied upon is that the mortgage of the stock for the manufacture of the brogans would not entitle the plaintiff to hold his lien upon the brogans after they were manufactured from such stock. In the opinion of the court, the property still remained in the mortgagee, notwithstanding the change by the completion of the work as orig-

inally designed, the materials being cut and prepared therefor before the mortgage. It was not the case of a new acquisition of articles of property, not held by the mortgagor at the time of making the mortgage; but merely of labor performed upon materials and stock of the plaintiff acquired by his mortgage. In such case, the accession will pass to the mortgagee.

*Exceptions overruled.*